UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE BALTAS,<br>　　*Plaintiff*, | :<br>:　CIVIL ACTION NO.<br>:　3:24cv1277(VAB)<br>: |
| v. | : |
| ANGEL QUIROS, *et al. in their individual capacities*,<br>　　*Defendants*. | :<br>:<br>: |

## INITIAL REVIEW ORDER

Joe Baltas ("Plaintiff") is a Connecticut sentenced prisoner currently housed at a facility within the Rhode Island Department of Correction. He has filed this civil rights complaint under 42 U.S.C. § 1983 against numerous Connecticut Department of Correction employees for violation of his constitutional and federal statutory rights and for claims under state law. *See* Compl., ECF No. 1. He sues Defendants in their individual and official capacities and seeks damages and injunctive relief.

For the following reasons, Mr. Baltas must file an Amended Complaint by **November 29, 2024**, asserting only Mr. Baltas's related claims arising from the events that allegedly occurred from August 14 through September 3, 2021, and Fourteenth Amendment due process claims arising from his hearing on September 9, 2021.

Mr. Baltas must name as Defendants only those persons involved in such claims, and allege concise facts in the body of any Amended Complaint under 42 U.S.C. § 1983, describing how each Defendant is liable for violation of his constitutional or statutory rights. Any Amended Complaint must also clearly state in its caption which entities and/or persons are Defendants.

The Court **SEVERS** all other claims alleged in this Complaint under Federal Rule of Civil Procedure 21. These claims are **DISMISSED** without prejudice and may be pursued in separate actions.

I.      STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. *Cerilli v. Bysiewicz*, No. 3:21-CV-01738 (SALM), 2022 WL 844557, at *1 (D. Conn. Mar. 22, 2022).

II.   **DISCUSSION**

Federal Rule of Civil Procedure 20(a)(2) permits joinder of multiple defendants in one action if: first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences"; and second, "any question of law or fact common to all defendants will arise in the action." The court may "drop a party" or "sever any claim against a party" that it finds to be improperly joined. Fed. R. Civ. P. 21.

With respect to the first requirement of Rule 20(a), what constitutes the same "transaction" or "occurrence" is approached on a case-by-case basis. *Dixon v. Scott Fetzer Co.*, 317 F.R.D. 329, 331 (D. Conn. 2016). Whether claims arise out of the same transaction depends on the logical relationship between the claims and whether the "essential facts" of the claims "are so logically connected that considerations of judicial economy and fairness dictate that all

the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978). The same transaction requirement "means that there must be some allegation that the joined defendants conspired or acted jointly." *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154 (D. Conn. 2008) (internal quotation marks omitted). The second requirement—that a question of law or fact common to all defendants will arise in the action—is met where "the court finds that there is 'substantial' overlap in questions of law or fact across the claims." *Ardolf v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019).

In deciding whether to sever a claim for misjoinder, the court should consider whether "(1) the claims arise out of the same transaction or occurrence; (2) the claims present some common question of law or fact; (3) . . . settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided; and (5) different witnesses and documentary proof are required for the separate claims." *Fletcher v. City of New London*, No. 3:16-cv-241 (MPS), slip op. at 8 (D. Conn. Feb. 21, 2017) (quoting *Costello v. Home Depot U.S.A.*, 888 F. Supp. 2d 258, 263 (D. Conn. 2012)). "Misjoinder of unrelated claims against multiple defendants is a particular concern in prisoner-initiated cases because of the applicability of the three strikes and filing fee provisions of the Prison Litigation Reform Act." *Rosa v. Cook*, No. 2022 WL 2981574, at *3 (D. Conn. July 28, 2022) (citation omitted).

Mr. Baltas's Complaint consists of 179 pages with more than 350 allegations and 21 counts or "causes of action." Compl., ECF No. 1. He asserts claims—arising from events occurring in 2021 through 2023—of constitutional violation under 42 U.S.C. § 1983; his federal statutory rights under the Americans with Disabilities Act, the Rehabilitation Act, and Religious Land use and Incarcerated Persons Act; and Connecticut law.

4

He claims, *inter alia*, deliberate indifference to his mental health, need for medical care, and his conditions of confinement, including solitary confinement, unsanitary conditions, and lack of exercise; various due process deprivations; several instances of excessive force; religious deprivations; violation his right to association and communication; retaliation for First Amendment protected conduct; deprivation of his right to court access; disability discrimination for lack of medical care, a medical mattress, restraint accommodation, and typewriter access; violation of his right bodily integrity; deprivation of his right to equal protection of the law; and conspiracy.

Mr. Baltas's Complaint seeks improperly to assert multiple lawsuits in this single action based on factual predicates and legal theories that are not sufficiently factually or temporally related so that all of the claims should proceed in a single action. *See, e.g.*, *Lindsay v. Semple*, No. 3:19CV00751(JCH), 2019 WL 3317320, at *11 (D. Conn. July 24, 2019) (finding that claims were improperly joined where the "claims arise under different legal theories and do not contain any questions of law or fact common to the due process claim"); *Webb v. Maldonaldo*, No. 3:13CV00144(RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) ("In this case, the complaint joins in one action claims that are wholly unrelated. For instance, it asserts Eighth Amendment claims of excessive force against some of the defendants, while also asserting a First Amendment claim against other defendants based on a DOC policy prohibiting certain sexually explicit materials."). Thus, judicial economy will not be facilitated by retaining all of Mr. Baltas's claims in a single action as all of claims do not arise from the same transactions and occurrences. Notably, discovery and trial would be hindered by the necessity for several different

sets of evidence, witnesses and separate proofs. As a result, the asserted claims are improperly joined in a single Complaint.

Severance in this instance under Rule 21 is also consistent with Rule 8's requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Rule 8 imposes such requirement to relieve the Court and any parties from an "unjustified burden" of selecting "relevant material" from an unnecessarily long complaint. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'" (citation omitted)). Here, Mr. Baltas's Complaint would impose such a burden on the multiple defendants.

Thus, the Court concludes that severance under Rule 21 applies to this Complaint. The Court will retain in this action Mr. Baltas's related claims arising from the events that allegedly occurred from August 14 through September 3, 2021, and Fourteenth Amendment due process claims arising from his hearing on September 9, 2021.

Accordingly, the Court will instruct Mr. Baltas to submit an Amended Complaint that contains only these claims and names only those Defendants involved in such claims before engaging in a substantive initial review under Section 1915A.

## III.   CONCLUSION

For the foregoing reasons, Mr. Baltas must file an Amended Complaint by **November 29, 2024**, asserting only Mr. Baltas's related claims arising from the events that allegedly occurred

from August 14 through September 3, 2021, and Fourteenth Amendment due process claims arising from his hearing on September 9, 2021.

Mr. Baltas must name as Defendants only those persons involved in such claims and allege concise facts in the body of any Amended Complaint under 42 U.S.C. § 1983, describing how each Defendant is liable for violation of his constitutional or statutory rights. Any Amended Complaint must also clearly state in its caption which entities and/or persons are Defendants.

The Court **SEVERS** all other claims alleged in this Complaint under Federal Rule of Civil Procedure 21. These claims are **DISMISSED** without prejudice and may be pursued in separate actions.

**SO ORDERED** at New Haven, Connecticut, this 11th day of October, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE